JACKLIN CHOU LEM (CASBN 255293)
ALEXANDRA J. SHEPARD (CASBN 205143)
HOWARD J. PARKER (WASBN 07233)
KAREN J. SHARP (TXSBN 02049500)
ANDREW J. NICHOLSON-MEADE (CASBN 284070)
PARADI JAVANDEL (CASBN 295841)
U.S. Department of Justice, Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 934-5300
jacklin.lem@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. CR-15-0426-JD |
| v. | **RULE 12.4 STATEMENT RE ORGANIZATIONAL VICTIM** |
| NEC TOKIN CORP., | |
| Defendant, | |

Under Rule 12.4 of the Federal Rules of Criminal Procedure, the United States must provide the Court with a statement identifying corporate victims of criminal activity. Fed. R. Crim. P. 12.4(a)(2). The United States must also provide certain ownership information concerning corporate victims to the extent this information is available through due diligence. Id. This information is intended to aid the Court in determining whether recusal is appropriate. See Fed. R. Crim. P. 12.4 advisory committee's note.

As the Court is aware, international antitrust conspiracies often affect hundreds if not thousands of corporate victims at various levels of the downstream market. The instant case is no exception. Hundreds of companies, both known and unknown, directly purchased electrolytic capacitors from the conspirators in this case during the conspiracy period and hundreds more made indirect purchases that may have been affected by the conspirators' activities. Even with the exercise of due diligence, the United States could not inform the Court of the identity and ownership of all of these potential corporate victims.

Based on information currently available, however, the United States has identified what it believes are some of the largest customers potentially affected by the alleged conspiracy. These customers are listed below. The United States believes that this list should allow the Court to make an informed decision of whether it has any "financial interest in the subject matter of the controversy." Id. (quoting Code of Judicial Conduct, Canon 3C(1)(c)) (1972)). Should the Court require further information or further identification of the companies listed, the Division will do its best to supply the additional information.

//

//

//

//

| | | |
|---|---|---|
| Almar Enterprises | Foxconn | Philips |
| Alpine | Fujitsu | Pioneer |
| Apple | Hewlett Packard | Quanta |
| Arrow | Hon Hai | Ricoh |
| Astec International | Honeywell | Samsung |
| Asustek | IBM | Satori Denki |
| Avnet | Inventec | Sennheiser Manufacturing |
| Blackberry | JVC Kenwood | Shibakawa Manufacturing |
| Bosch | Keihin North America | Skytex International |
| Canon | Kimball Electronics | Sony |
| Codico | Kyocera | Sumitronics |
| Compal | LG | Thing Chang Corp. |
| Cornell Dubilier | Micro Systems Engineering | Toshiba |
| Dell | Nintendo | TTI |
| Delta Electronics | Nokia | Universal Lighting |
| Digi-Key | Olympus | Whirpool |
| Ericsson | Orion Electric | Wistron |

Respectfully Submitted:

Dated: October 13, 2015

/s/ *Jacklin Chou Lem*
JACKLIN CHOU LEM
Trial Attorney
U.S. Department of Justice
Antitrust Division

RULE 12.4 STATEMENT RE ORGANIZATIONAL VICTIM
U.S. v. NEC TOKIN, CR-15-0426-JD